UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **Jennifer McArdle,**<br><br>                                              **Plaintiff,**<br><br>v.<br><br>**Capital One Services, LLC ,**<br>**Capital One Financial Corporation, and**<br>**Capital One, National Association,**<br><br><br>                                              **Defendants.** | CIVIL ACTION NO. _____ |

## COMPLAINT

Plaintiff Jennifer McArdle ("McArdle") ("Plaintiff") respectfully moves for judgment against Defendants Capital One Services, LLC, Capital One Financial Corporation and Capital One, National Association, (collectively "Capital One" or "Defendants"), as follows:

### Introduction

1. This is an individual claim for unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA"). Plaintiff who was employed by Capital One, hereby brings this action on behalf of herself seeking unpaid overtime, liquidated damages, and attorneys' fees and costs arising out of the Defendants' FLSA violation(s). Plaintiff regularly worked more than forty (40) hours per workweek for the Defendant without receiving overtime compensation as required under the FLSA. Capital One wrongly classified Plaintiff and other Process Managers as exempt from overtime under the FLSA.

1

2. Though this Complaint asserts only individual claims under FLSA, McArdle files a consent pursuant to 29 USC § 256, attached as Exhibit A.[1]

## Jurisdiction and Venue

3. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) in that the Plaintiff may bring this action in any appropriate United States District Court.

4. Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3(B)(4) since the acts and omissions giving rise to this lawsuit have taken place in the Eastern District of Virginia.

5. Defendants are subject to personal jurisdiction in the Commonwealth of Virginia.

## Parties

6. McArdle is a resident of Virginia who was employed by Capital One until January 12, 2021.  Plaintiff was an "employee" as defined in the FLSA.

7. Capital One Services, LLC is a foreign corporation, which has its principal office in Virginia.

8. Capital One Financial Corporation is a foreign corporation, which has its principal office in Virginia.

9. Capital One, National Association is a foreign corporation, which has its principal office in Virginia.

10. On information and belief, the Defendants are related entities in the financial products and services industry.  According to filings with the Virginia State Corporation Commission, both Defendants list their principal office as being located at 1680 Capital One

---

[1] Plaintiff does not assert a collective action will not seek to amend to do so until and unless it is later determined by this court or a higher court that the relevant collective action waiver ruling in in *Stirnweis v. Capital One Services, LLC, et al.*, Case No. 19-cv-637 is reversed and/or otherwise invalidated.

Drive, McLean, Virginia 22102 and share the same registered agent. Plaintiff is currently unable to determine the precise corporate structure and relationship between Defendants. Defendants are an "employer" as defined by the FLSA.

**Factual Allegations**

11. McArdle was hired by Capital One in 2013 and worked continuously for Capital One until her termination on or about January 12, 2021.

12. From Mid 2019 through her separation, McArdle worked as a Process Manager (Payment Aggregator) for Capital One

13. McArdle worked mainly from Capital One's West Creek office complex in Goochland County, Virginia or remotely from her home after the onset of the Covid -19 Pandemic.

14. McArdle's duties as a Process Manager (Payment Aggregator) involved the carrying out of already developed processes related to two specific "Processes."

15. The first Process in which McArdle worked dealt with Payment Aggregators and involved facilitation and contact with vendors such as Mastercard, Wells Fargo, Western Union, and other financial institutions.

16. The second Process in which McArdle worked was Commercial Credit Cards used by high limit customers like medical offices and construction firms.

17. During this time, McArdle's primary duties involved interfacing with various internal and external stakeholders to make sure that the processes in place were being adhered to and that new processes were implemented in an orderly manner.

18. For the time period from 2013 through mid-2019, McArdle worked as a Vendor

or Relationship Manager.

19. As a Vendor Manager, McArdle's primary duties involved meetings with vendors and internal stakeholders and responding to issues that arose on either end. Further, this role also involved integration of new card products, like retail store cards.

20. As a Process Manager, McArdle lacked authority to make decisions with respect to each "file." The term "file" refers to a payment aggregation.

21. As a Process Manager, McArdle played no role in the drafting and/or negotiation of Service Level Agreements ("SLA's"). SLA's are required in order for vendors to meet with Defendant and are handled by employees ranking higher than McArdle.

22. Additionally, McArdle played no role in the drafting or negotiation of Master Service Agreements ("MSA's"). MSA's are the umbrella contracts Defendant enters into with major 3rd party vendors.

23. McArdle did not create, nor was she asked to create, policies or standards. Rather, McArdle's duties and responsibilities were to ensure and track compliance with MSA's and SLA's with respect to the content and method of communications between vendors and Defendant. In effect, McArdle's primary role was that of a middleman or relationship coordinator. She would facilitate communications and information exchanges between Defendant and vendors according to Defendant's governing rubric.

24. McArdle's duties did not include data analysis nor input on meaningful business decisions. Higher ranking employees determined what projects McArdle would work on and what tasks or measurables would be on any checklist given to McArdle.

25. To the extent McArdle could act with discretion, such discretion was limited to the date, time, and attendees of meetings.

26. McArdle did not supervise two or more full-time employees during the time she worked as a Process Manager for Capital One.

27. Other than periods of leave, McArdle regularly worked in excess of 40 hours per week.

28. McArdle typically worked in excess of 50 or 60 hours per week including time worked at the office, working remotely, and working on weekends and vacations.

29. McArdle was classified as an exempt employee and was neither eligible, nor was paid, overtime compensation.

30. McArdle was terminated by Capital One effective January 12, 2021.

31. Process Managers are not required to exercise discretion or independent judgment involving matters of significance in carrying out their "Process Management" duties.

32. Plaintiff did not perform as a primary duty managerial tasks over other employees, such as: interviewing, selecting, or training employees; setting employees' schedules or hours of work; directing employees' work; appraising employee productivity and efficiency; handling employee complaints and grievances; or disciplining employees.

33. Plaintiff did not perform work directly related to the management or general business operations of Capital One or its customers such as: banking, finance, accounting, information technology, setting of business policies, planning, negotiating, purchasing, promoting sales, business research, or other duties relating to running Capital One's business.

34. Plaintiff's duties involved being the go-between for vendors and Defendant's management.

35. Plaintiff did not perform work requiring advance knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

36. Plaintiff:

   a. did not have the authority to formulate, affect, interpret, or implement management policies or operating practices;

   b. did not have authority to waive or deviate from established policies and procedures;

   c. did not have authority to commit Defendants in matters that have significant financial impact;

   d. did not have authority to negotiate and bind Defendants on significant matters; and

   e. was not involved in determining Defendant's long- or short-term business objectives.

37. Based on the nature of Plaintiff's job duties, there is no FLSA exemption that applies to preclude her from being paid one and one-half times their regular rate of pay for all hours worked in excess of 40 per week.

38. Capital One paid Plaintiff on a salary basis and classified her and other Process Managers as exempt from receiving overtime under the FLSA.

39. Capital One did not require Plaintiff to keep precise track of her hours worked.

40. Capital One does not have accurate timekeeping records of the exact hours worked by Plaintiff.

41. Capital One issued Plaintiff a take-home laptops so that she could perform work for Capital One's benefit remotely and at all hours.

42. Capital One did not pay Plaintiff any overtime premium for hours each worked over 40 per week.

43. Capital One knew or should have known that Plaintiff was working overtime hours without being paid.

44. Capital One received benefit of the work performed by Plaintiff.

45. Capital One is in possession of records (such as log-in records, emails, and instant messaging systems) which should reflect that Plaintiff was performing work for Capital One in excess of 40 hours per week.

46. Plaintiff sent and received work emails before and after the regular work day.

47. Defendants willfully violated the FLSA by misclassifying Plaintiff as exempt under the FLSA in order to avoid paying overtime.

**48.** At all relevant times Defendants intended to deprive Plaintiff of the overtime pay she was entitled to under the FLSA, or acted with reckless disregard for Plaintiff's rights under the FLSA.

## Count 1 – FLSA Overtime

49. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

50. At all times relevant herein, Plaintiff was an "employee" of Capital One as that term is defined by 29 U.S.C. §203(e)(1).

51. At all times relevant herein, Capital One was an "employer" of Plaintiff as that term is defined by 29 U.S.C. §203(d).

52. At all relevant times herein Plaintiff was not exempt from the overtime pay requirements of the FLSA, and were entitled to receive overtime pay under the FLSA for all time worked beyond forty (40) hours in a workweek.

53. Capital One failed to pay Plaintiff her overtime rate of pay for the time she

worked beyond forty (40) hours in a workweek.

54. At all times relevant herein, Capital One was aware of the overtime requirements of the FLSA.

55. At all times relevant herein, Capital One knew or should have known that Plaintiff did not qualify for an exemption to the overtime pay requirements of the FLSA.

56. Capital One's failure to pay overtime compensation to the Plaintiff was willful and not in good faith.

### **FLSA Relief Requested**

Wherefore, Plaintiff requests the following Relief against Defendants:

A. money damages for all unpaid overtime compensation;

B. liquidated damages in an amount equal to all unpaid overtime owed to plaintiff;

C. pre-judgment and post-judgment interest;

D. reasonable attorney's fees and costs expended in the prosecution of this case;

E. any and all further relief permissible by law.

Plaintiff respectfully demands **TRIAL BY JURY**.

>Respectfully submitted,
>**Jennifer McArdle**
>
>Plaintiff
>
>
>By:_____/s/_____
>Harris D. Butler, III (VSB No. 26483)
>Craig Juraj Curwood (VSB No. 43975)
>Zev Antell (VSB No. 74634)
>Butler Curwood, PLC
>140 Virginia Street, Ste. 302
>Richmond, Virginia 23219
>Tel:  804-648-4848
>Fax: 804-237-0413
>harris@butlercurwood.com
>craig@butlercurwood.com
>zev@butlercurwood.com
>*Counsel for Plaintiffs*